IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:25-cv-01698-CNS-NRN

LEAD REAL ESTATE CO., LTD.,

　　　　Plaintiff,

v.

BF BORGERS CPA PC,

　　　　Defendant.

---

### ORDER

---

Before the Court is United States Magistrate Judge N. Reid Neureiter's Recommendation to grant Plaintiff Lead Real Estate Co., Ltd.'s Motion for Default Final Judgment. *See* ECF No. 16 (Motion for Default Final Judgment); ECF No. 25 (Recommendation). Neither party has objected to the Recommendation. Just as critical, Defendant BF Borgers CPA PC did not respond to the motion for default judgment and has not otherwise appeared or participated in this lawsuit, despite being served. *See* ECF No. 7.  For the reasons below, the Court AFFIRMS and ADOPTS the Recommendation and GRANTS the Motion for Default Final Judgment.

### I.    BACKGROUND

On May 30, 2025, Plaintiff brought this action against Defendant arising out of three contracts into which Plaintiff entered with Defendant for accounting and auditing services. ECF No. 1. Plaintiff asserted four claims against Defendant, including

1

professional malpractice, negligent misrepresentation, breach of contract, and unjust enrichment. *See id.* at 7-11. On June 16, 2025, Plaintiff served Defendant at its principal place of business via U.S. certified Mail, return receipt requested.[1] *See* ECF Nos. 7, 7-2. Despite being served, Defendant never entered an appearance in the case. On July 8, 2025, Plaintiff filed a Motion for Entry of Clerk's Default, ECF No. 10, and default was entered against Defendant the same day, ECF No. 11.

On August 13, 2025, Plaintiff filed the instant motion requesting that the Court issue an order entering a default final judgment against Defendant and awarding Plaintiff damages, costs, and fees. *See* ECF No. 16 at 11. The Court referred the motion to Magistrate Judge Neureiter, ECF No. 17, who heard oral argument on October 22, 2025, ECF No. 25 at 1. On December 1, 2025, Magistrate Judge Neureiter issued his Recommendation that Plaintiff's motion for default judgment be granted and finding that Defendant substantially breached its three agreements with Plaintiff. ECF No. 25 at 12. Magistrate Judge Neureiter also concluded that Plaintiff is entitled to restitution damages (based on Defendant's substantial breach), compensatory damages, prejudgment interest, post-judgment interest, and litigation costs. *Id.* at 12–13. Magistrate Judge Neureiter further advised the parties that they had 14 days to file written objections to his Recommendation. *Id.* at 13. No party objected.

---

[1] As noted in Magistrate Judge Neureiter's Recommendation, "[s]ervice via U.S. Certified Mail was proper in this case because Defendant's registered agent was not located at the registered agent address listed with the Colorado Secretary of State, and could not be served with reasonable diligence." ECF No. 25 at 7 (citing Colo. Rev. Stat. § 7-90-704(2) ("If an entity that is required to maintain a registered agent . . . , or if the registered agent is not located under its registered agent name at its registered agent address, . . . the entity may be served by registered mail or by certified mail, return receipt requested, addressed to the entity at its principal address.")).

## II.    LEGAL STANDARD & ANALYSIS

When—as is the case here—a party does not object to a Magistrate Judge's Recommendation, the Court "may review a magistrate [judge]'s report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)). The Court is "accorded considerable discretion" when reviewing "unchallenged" recommendations. *Id.* Here, the Court has reviewed Magistrate Judge Neureiter's thorough Recommendation and is satisfied that it is sound and that there is no clear error on the face of the record.

## III.    CONCLUSION

Consistent with the above, the Court ORDERS as follows:

(1)    The Court AFFIRMS and ADOPTS Magistrate Judge Neureiter's Recommendation, ECF No. 25, in its entirety as an order of this Court;

(2)    The Motion for Default Final Judgment, ECF No. 16, is GRANTED;

(3)    Defendant is ORDERED to pay Plaintiff the following damages:

a.  Restitution in the amount of $1,870,000.00; and

b.  Prejudgment interest on $1,870,000.00 at a rate of 8% per annum, compounded annually, from May 9, 2024 through the date of this Order, pursuant to Colo. Rev. Stat. § 5-12-102; and

c.  Compensatory damages in the amount of $78,005.81; and

d.  Prejudgment interest on $78,005.81 at a rate of 8% per annum, compounded annually, from September 30, 2024 through the date of this Order, pursuant to Colo. Rev. Stat. §5-12-102; and

e. Post-judgment interest at a daily rate as determined by the Clerk of the Court until Defendant complies with this judgment, pursuant to 28 U.S.C. § 1961;  and

f. Litigation costs in an amount to be determined by the Clerk of the Court upon Plaintiff's timely filing of a Bill of Costs; and

(4) Plaintiff is ORDERED to submit to the Court its calculation of prejudgment interest pursuant to paragraphs 3(b) and (d) above within TEN DAYS.

DATED this 8th day of January 2026.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge